No. 52314.—Pan Atlantic, Inc., et al. v. United States, protests 131123–K, etc. (New York).

Opinion by CLINE, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

No. 52315.—S. S. Pierce Co. and Romanes & Paterson v. United States. protests 52469–K and 52466–K (Boston).

Opinion by EKWALL, J.   In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in John Barr v. United States (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See John Barr v. United States, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

No. 52316.—Copeland & Thompson, Inc. v. United States, protest 56426–K (San Francisco).

Opinion by EKWALL, J.   In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in John Barr v. United States (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See John Barr v. United States, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on the entry. The protest was sustained to this extent.

No. 52317.—A. W. Fenton Co. (Smith & Nephew, Inc.) v. United States, protest 57471–K (New York).

Opinion by EKWALL, J.   In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in John Barr v. United States (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein.  (See John Barr v. United States, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the

Federal Reserve bank and set forth by the collector on each of the entries. The protest was sustained to this extent.

**No. 52318.**—Associate British Mfrs. et al. *v.* United States, protests 63029-K, etc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

**No. 52319.**—Allied Purchasing Corp. and Johnson Bros. *v.* United States, protests 63360-K and 84795-K (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

BEFORE THE FIRST DIVISION, MAY 10, 1948

**No. 52320.**—Loew's, Inc., Frank P. Dow Co., Inc. *v.* United States, petition 6521-R (Los Angeles).

OLIVER, Presiding Judge: This is a petition for remission of additional duties filed pursuant to section 489, Tariff Act of 1930, which duties accrued by reason of the undervaluation on entry of certain huaraches imported from Mexico and entered at Los Angeles on April 26, 1945, by Frank P. Dow Co., Inc., customs brokers, for the account of Loew's, Inc. The record discloses that the total entered value was based upon an invoice (exhibit 2) in the sum of 393.43 Mexican pesos, whereas the actual purchase price paid as shown by the invoice represented by exhibit 1 herein was 786.87 Mexican pesos.

Section 489, Tariff Act of 1930, reads in part as follows:

\* \* \* Such additional duties \* \* \* shall not be remitted nor payment thereof in any way avoided, except \* \* \* or in any case upon the finding of the United States Customs Court, upon a petition filed at any time after final